UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIREINO JOE MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL BABCOCK, Warden,<br><br>Respondents. | No. 2:12-cv-2445 MCE DAD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Pending before the court is respondent's motion to dismiss.

**BACKGROUND**

On December 11, 2008, petitioner pleaded guilty to possession of a firearm in the United States District Court for the District of Colorado. (Criminal Action No. 07-cr-236 (D. Colo.))  On July 15, 2009, the district court sentenced petitioner to the mandatory minimum of fifteen years in federal prison under the Armed Career Criminal Act ("ACCA"). (Id.)  Petitioner appealed the judgment of conviction to the United States Court of Appeals for the Tenth Circuit, and that court affirmed the conviction. (Case No. 09-1328 (10th Cir. June 16, 2010))

---

[1] Petitioner was incarcerated at FCI-Herlong when he filed this action.  He was thereafter transferred to USP-Lompoc.

1

On February 14, 2011, petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Colorado, which that court denied on July 28, 2011. (Criminal Action No. 07-cr-236 (D. Colo.)) Petitioner requested a certificate of appealability, but both the district court and the Tenth Circuit denied his application. (Id.; Case No. 11-1382 (10th Cir. Mar. 28, 2012)) Petitioner then sought authorization from the Tenth Circuit to file a second or successive § 2255 motion, but that court denied the request. (Case. No. 12-1272 (10th Cir. July 12, 2012))

On September 27, 2012, petitioner filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court. Therein, petitioner asserts the following three claims for relief: (1) he should be allowed to challenge the statute he was convicted of violating under the decision in Bond v. United States, ___U.S.___, 131 S. Ct. 2355 (2011); (2) he is actually innocent of being an "Armed Career Criminal"; and (3) his guilty plea not voluntarily and knowingly entered. (Pet. at 2-29.)

**ANALYSIS**

I. The Court's Jurisdiction Over § 2241 Petitions

As an initial matter, "in order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2225 before proceeding to any other issue." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally speaking, a federal prisoner contesting the legality of his conviction or sentence must file a motion pursuant to 28 U.S.C. § 2255 in his sentencing court, which in this case would be the United States District Court for the District of Colorado. See Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000) (same).

However, § 2255 does contain a "savings clause" or "escape hatch" that provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears

> that the remedy by motion is inadequate or ineffective to test the
> legality of his detention.  (emphasis added)

28 U.S.C. § 2255(e).

Thus, a prisoner may invoke a court's jurisdiction under § 2241 if he can show that the remedy provided under § 2255 is "inadequate or ineffective" to test his incarceration. See Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012); Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011).  This exception, however, is a narrow one.  A petitioner may only proceed under § 2241 if he claims to be:  "(1) factually innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1060.  To establish actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).  In determining whether petitioner had an "unobstructed procedural shot" to pursue any actual innocence claim, the court must consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed in any way relevant to petitioner's claims after that first § 2255 motion." Alaimalo, 645 F.3d at 1047 (quoting Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008)) (internal quotation marks omitted).

II.  Discussion

In this case, liberally construing the pending petition, petitioner claims that he is "factually innocent" of being a convicted felon in possession of a firearm and "actually innocent" of being an armed career criminal because his prior Nevada second-degree murder conviction should not qualify as a predicate offense.  (Pet. at 6-9 & 16-23.)  The court will address both of these claims advanced by petitioner in turn.  In short, for the reasons discussed below, the instant petition should be dismissed because the court lacks jurisdiction over it.

First, petitioner claims that he is "factually innocent" of being a convicted felon in possession of a firearm.  (Pet. at 6-9.)  However, as counsel for respondent observes, petitioner has not made any showing of actual innocence in this regard. Alaimalo, 645 F.3d at 1047 ("[a] petitioner is actually innocent when he was convicted for conduct not prohibited by law.").

1  Specifically, petitioner has not come forward with any evidence to show that he did not commit
2  the crime underlying his conviction or that the conduct for which he was convicted is not
3  prohibited by law.  At most, petitioner merely provides this court with a brief narrative about
4  what he believes the facts of his underlying criminal case are.  Without more, petitioner has failed
5  to demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror
6  would have convicted him."  Stephens, 464 F.3d at 898.

7  Petitioner also claims that he is "actually innocent" of being an armed career criminal
8  because his prior Nevada second-degree murder conviction should not qualify as a predicate
9  offense.  (Pet. at 16-23.)  As an initial matter, in this claim petitioner challenges his sentence as
10 opposed to his conviction, and therefore, due to the very nature of petitioner's claim he cannot
11 show that "in light of all the evidence, it is more likely than not that no reasonable juror would
12 have convicted him."  Stephens, 464 F.3d at 898.  Under the "savings clause" or "escape hatch,"
13 petitioner must show that he is actually innocent of his crime of conviction, not that the sentence
14 the imposed by the court in connection with that conviction was somehow unlawful.  See
15 Marrero, 682 F.3d at 1193 ("Petitioner's claim that two of his prior offenses should no longer be
16 considered 'related' and that he was therefore incorrectly treated as a career offender, is a purely
17 legal claim that has nothing to do with factual innocence."); Lorentsen, 223 F.3d at 954 (to
18 establish jurisdiction under § 2241, petitioner must allege that he is innocent of the crime of
19 conviction); Crayton v. Norwood, 622 F. Supp. 2d 975, 979 (C.D. Cal. 2009) ("[S]ince
20 petitioner's claim of 'actual innocence' challenges his sentence and a prior state court conviction
21 used to enhance his sentence, rather than the offense of which petitioner was convicted, the claim
22 'is not, by itself, a claim of actual innocence.'"); Talbot v. Holenick, No. EDCV 08-619-VBF
23 (JTL), 2009 WL 322107 at *7-8 (C.D. Cal. Feb., 5, 2009) (petitioner's claim of being actually
24 innocent of being an armed career criminal fails to show § 2255 is inadequate and ineffective
25 since petitioner does not challenge legality of his conviction).

26 Moreover, even if he could state a cognizable claim of actual innocence with respect to his
27 sentence, petitioner had prior opportunities to raise this claim and therefore, he cannot show that
28 he did not have an "unobstructed procedural shot" at presenting this claim.  Petitioner argues that

he could not have raised this claim until now because the Tenth Circuit Court of Appeals did not issue its decision in <u>United States v. Armijo</u>, 651 F.3d 1226 (10th Cir. 2011) until after he filed his first § 2255 motion. In <u>Armijo</u>, the Tenth Circuit held that "only those versions of manslaughter that involve intentional or purposeful behavior qualify as crimes of violence" for purposes of the federal sentencing guidelines. See <u>Armijo</u>, 651 F.3d at 1237. Because Colorado's version of manslaughter involves only reckless conduct, the Tenth Circuit in <u>Armijo</u> concluded that the district court erred when it counted it as a crime of violence in calculating the defendant's base offense level. See <u>id.</u>

To be sure, the definition for "crime of violence" under U.S.S.G. § 4B1.2 and "violent felony" under the ACCA are nearly identical, and the Tenth Circuit has interpreted § 4B1.2 by looking at interpretations of ACCA. See <u>Armijo</u>, 651 F.3d at 1231 n.3. However, even assuming that the decision in <u>Armijo</u> applies equally to a claim under ACCA, contrary to petitioner's argument, <u>Armijo</u> did not effect a material change in the applicable law for purposes of determining whether petitioner had an "unobstructed procedural shot" at presenting this claim. See <u>Alaimalo</u>, 645 F.3d at 1047-48. As the Tenth Circuit observed in <u>Armijo</u>, the court "has unequivocally held that the text of § 4B1.2 only reaches purposeful or intentional behavior." <u>Armijo</u>, 651 F.3d at 1236 (citing <u>United States v. Williams</u>, 559 F.3d 1143, 1148 (10th Cir. 2009) (the residual clause of the second definition of crime of violence set out in § 4B1.2(a)(3) "is intended to reach purposeful, violent, and aggressive conduct rather than merely negligent or reckless acts") and <u>Zuniga-Soto</u>, 527 F.3d 1124 (10th Cir.2008) ("a <u>mens rea</u> of recklessness does not satisfy use of physical force requirement under § 2L1.2's definition of 'crime of violence'")). See also <u>Begay v. United States</u>, 553 U.S. 137 (2008) (DUI crime falls outside of the ACCA "violent felony" definition because it differs from intentionally committed crimes).

Thus, insofar as petitioner believed that his prior Nevada second-degree murder conviction should not have qualified as a predicate offense because it purportedly included "all other kinds of murder," including voluntary and involuntary manslaughter, he could and should have raised such a claim in his first § 2255 petition filed in the District of Colorado. Compare <u>Harrison</u>, 519 F.3d at 961 ("While <u>Jones</u> gave additional encouragement for defendants to argue

that property at issue in a § 844(i) case was not "used" in interstate commerce, we cannot say such further support constitutes a <u>change</u> in the law creating a previously unavailable legal basis for petitioner's claim), <u>with</u> <u>Alaimalo</u>, 645 F.3d at 1048 ("We hold that <u>Cabaccang</u> effected a material change in the law. . . . <u>Cabaccang</u> expressly overruled settled law."). Indeed, in rejecting petitioner's request for authorization to file a second or successive § 2255 motion, which included his claims regarding trial counsel's failure to object to the introduction of several of his prior convictions because they were not "violent felonies" for purposes of the ACCA, the Tenth Circuit remarked that petitioner could and should have raised these claims in his first § 2255 petition. (Case. No. 12-1272 (10th Cir. July 12, 2012))

In sum, this court concludes that petitioner does not qualify under the "savings clause" or "escape hatch" of § 2255 because he has not made a showing of actual innocence nor demonstrated that he "has not had an unobstructed procedural shot" at presenting his claims. Accordingly, because petitioner has not shown that § 2255 provides an "inadequate or ineffective" remedy, he is not entitled to invoke this court's jurisdiction under 28 U.S.C. § 2241.

III.  <u>The Petition Should Be Dismissed</u>

The United States District Court for the District of Colorado, as petitioner's sentencing court, would be the proper court to entertain any further § 2255 motion(s) brought by petitioner. However, the interests of justice would not be served by transferring this action to that court under the circumstances presented. <u>See</u> 28 U.S.C. § 1631; <u>see also</u> <u>Hernandez</u>, 204 F.3d at 865, n.6 (28 U.S.C. § 1631 allows transfer of § 2255 motion to cure want of jurisdiction). That court has already reviewed and rejected a § 2255 motion from petitioner. Moreover, that court would lack jurisdiction over yet another § 2255 motion because petitioner would first be required to obtain authorization from the Tenth Circuit Court of Appeal to file a second or successive § 2255 motion. <u>See</u> 28 U.S.C. § 2255(h).[2]

/////

/////

---

[2] As noted above, the Tenth Circuit Court of Appeals has already declined to authorize petitioner's filing of a second § 2255 motion from petitioner.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. No. 19) be granted;

2. Petitioner's application for writ of habeas corpus be dismissed; and

3. All pending motions in this case (Doc. No. 18) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: November 14, 2013

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mart2445.157